UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:_____

COACH, INC., a Maryland corporation,
and COACH SERVICES, INC.,
a Maryland corporation,

       Plaintiffs,

v.

SWAP SHOP, INC., a Florida corporation,
SWAP SHOP, LLC, a Florida limited liability
company, 3290 SUNRISE INVESTMENTS,
INC., a Florida corporation, SWAP-IT, INC,
3291 SUNRISE INVESTMENTS, INC.,
a Florida corporation,   BETTY D. HENN,
PRESTON B. HENN, KATHERINE HENN,
and DAPHNE FITZPATRICK,

       Defendants.

_____/

**COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL**

Plaintiffs, Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as

"Coach"), sue Defendants, SWAP SHOP, INC., a Florida corporation, SWAP SHOP, LLC, a

Florida limited liability company, (hereinafter collectively referred to as the "Swap Shop") 3290

SUNRISE INVESTMENTS, INC., a Florida corporation ("3290 Sunrise"), 3291 SUNRISE

INVESTMENTS, INC., a Florida corporation ("3291 Sunrise"), SWAP-IT, INC. ("Swap-It"),

BETTY D. HENN, an individual, PRESTON B. HENN, an individual, KATHERINE HENN, an

individual, and DAPHNE FITZPATRICK, an individual (hereinafter collectively referred to as

"Defendants"), and allege as follows:

## NATURE OF ACTION

1.        This is an action for trademark and trade dress infringement, counterfeiting, false designation of origin and false advertising, and trademark dilution pursuant to the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), (c) and (d)); copyright infringement pursuant to the United States Copyright Act (17 U.S.C. § 501, *et. seq.*); trademark dilution pursuant to Fla. Stat. § 495.15; deceptive and unfair trade practices pursuant to Fla. Stat. § 501.201; and unfair competition and unjust enrichment pursuant to the common law of the State of Florida.

## JURISDICTION AND VENUE

2.        This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act and U.S. Copyright Act.   This Court has supplemental jurisdiction over Coach's state law claims pursuant to 28 U.S.C. § 1367.

3.        Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside and have their principal places of business, and continue to infringe Coach's famous trademarks and copyrights, in this Judicial District.

## PARTIES

4.        Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

5.        Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Coach Services, Inc. is a wholly-owned subsidiary of Coach, Inc.

BROAD and CASSELL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

6.       Defendant Swap Shop, Inc., is a corporation organized and existing under the laws of the State of Florida.    Upon information and belief, Swap Shop, Inc., is the manager and/or operator of the Ft. Lauderdale Swap Shop.

7.       Defendant Swap Shop, LLC, is a limited liability company organized and existing under the laws of the State of Florida.  Upon information and belief, Swap Shop, LLC, is the manager and/or operator of the Ft. Lauderdale Swap Shop.

8.       Defendant 3290 Sunrise is a Florida corporation organized and existing under the laws of the State of Florida.  3290 Sunrise is the owner of the real property which operates as the Ft. Lauderdale Swap Shop.

9.       Defendant 3291 Sunrise is a Florida corporation organized and existing under the laws of the State of Florida.  3291 Sunrise is the owner of the real property which operates as the Ft. Lauderdale Swap Shop.

10.       Defendant Swap-It is the owner of the real property which operates as the Ft. Lauderdale Swap Shop.

11.       Defendant Betty D. Henn is an individual who resides in Broward County, Florida.  Defendant Betty D. Henn is a principal, owner, officer, director and manager of 3290 Sunrise, 3291 Sunrise, Swap-It and the Swap Shop and is the moving force, or one of them, behind Ft. Lauderdale Swap Shop's operations.

12.        Defendant Preston D. Henn is an individual who resides in Broward County, Florida.  Defendant Preston D. Henn is a principal, owner, officer, director and manager of 3290 Sunrise, 3291 Sunrise, Swap-It and the Swap Shop and is the moving force, or one of them, behind Ft. Lauderdale Swap Shop's operations.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

13.     Defendant Daphne Fitzpatrick is an individual who resides in Broward County, Florida.  Defendant Daphne Fitzpatrick is a principal, owner, officer, director and manager of 3290 Sunrise, 3291 Sunrise, Swap-It and the Swap Shop and is the moving force, or one of them, behind Ft. Lauderdale Swap Shop's operations.

14.     Defendant Katherine Henn is an individual who resides in Broward County, Florida. Defendant Katherine Henn is a principal, owner, officer, director and manager of 3290 Sunrise, 3291 Sunrise, Swap-It and the Swap Shop and is the moving force, or one of them, behind Ft. Lauderdale Swap Shop's operations.

15.      Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  The Defendants contributed to and facilitated the promotion and sale of counterfeit and infringing products within this Judicial District.

16.     The Defendants have a non-delegable duty to prevent the sale of counterfeit products on premises owned and operated by, and under the control of the Defendants, which duty Defendants failed and/or refused to perform.

## FACTUAL ALLEGATIONS

**A.     The World Famous Coach Brand and Products**

17.     Coach was founded seventy years ago as a family-run workshop in Manhattan, New York.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States, including Florida.

4

18.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively the "Coach Marks").

19.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales reaching nearly four billion dollars ($4,000,000,000).

**B.     The Coach Trademarks**

20.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,908,558 | POPPY | 09 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |

6

BROAD and CASSEL

One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |

7

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 3,779,466 | COACH OP ART | 6, 9, 14, 16, 18, 25 for *inter alia* key fobs, glasses, jewelry, daily planners, backpacks, billfolds, and belts. | April 20, 2010 | COACH OP ART |

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 | |

9

BROAD and CASSEL

21.     Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks.  These registrations are valid and subsisting and the majority are incontestable.[1]

22.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

23.     The registration of the marks also provides constructive notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

24.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

25.     The Coach Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

26.     As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill.  Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

**C.      The Coach Trade Dress**

27.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dress").

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee corporation and Saramar corporation, were assigned in full to Coach on or about October 2, 2000.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

28.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dress.

29.     The Coach Trade Dress associated with Coach products are independent of the functional aspects of Coach products.

30.     Coach has employed the Coach Trade Dress associated with its products exclusively and without interruption, and the Coach Trade Dress has never been abandoned.

**D.     The Coach Copyrights**

31.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the U.S. Copyright Laws.  These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*. (hereinafter referred to as the "Coach Design Elements").

32.     Coach also has a variety of valid copyrights registered with the Copyright Office for its Design Elements, including the Signature C Design, with registration number VA-0001228917.

33.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

**E.     Defendants' Infringing Conduct**

34.     Upon learning that tenants/vendors at the Ft. Lauderdale Swap Shop were trafficking in counterfeit Coach merchandise, on January 3, 2011, Coach sent a cease and desist notice to the Defendants as owners, operators, directors and managers of the Ft. Lauderdale

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

Swap Shop to compel their immediate cooperation in ending its and its vendors' infringing conduct.  A true and correct copy of the January 3, 2011 notice is attached hereto as **Exhibit A**.

35.     On January 13, 2011, Coach provided the Defendants with a follow up letter containing a list of all federally registered Coach Trademarks to assist defense in removing Coach counterfeit merchandise from the Ft. Lauderdale Swap Shop. A true and correct copy of the January 13, 2011 letter is attached hereto as **Exhibit B.**

36.     On November 30, 2011, Coach's investigator canvassed the Ft. Lauderdale Swap Shop and discovered multiple tenants/vendors of the Ft. Lauderdale Swap Shop advertising, displaying, offering for sale, and/or selling in plain view various goods bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Coach Trademarks, the Coach Trade Dress, and the Coach Design Elements (hereinafter referred to as the "Counterfeit Coach Products").

37.     Specifically, Coach's investigator observed multiple tenants/vendors at the Ft. Lauderdale Swap Shop, including, but not limited to, WVP Athletics, Florida Gift Shop, International Phone Unlock Phones, Cellular Accessories and GSM Phone, all of which were advertising, displaying, offering for sale, and/or selling, in plain view, Counterfeit Coach Products, including, but not limited to, cell phone covers.

38.     On December 2, 2011, Coach sent a second cease and desist letter to the Defendants to compel their assistance in removing Counterfeit Coach Products from the Ft. Lauderdale Swap Shop.  The Defendants never responded to the second cease and desist notice. A true and correct copy of the December 2, 2011 notice is attached hereto as **Exhibit C**.

39.     On December 13, 2011, a raid was conducted at the Ft. Lauderdale Swap Shop by the US Immigration and Customs Enforcement Agency ("ICE") with the assistance of the

Broward Sheriff's Office and A Action Investigators.  The investigators observed and seized more than 55 Counterfeit Coach Products, including cell phone covers and watches, which were displayed and/or offered for sale, in plain view, by vendors/tenants of the Ft. Lauderdale Swap Shop.

40.     Defendants are well aware of the extraordinary fame and strength of the Coach brand, the Coach Trademarks, the Coach Trade Dress, and the Coach Design Elements, and the incalculable goodwill associated therewith.

41.     Neither Defendants nor their tenants/vendors have a license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dress, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, publicly displaying, selling, and/or offering for sale of the Coach Counterfeit Products.

42.     The Defendants have allowed their vendors/tenants of the Ft. Lauderdale Swap Shop to engage in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks, Coach Copyrights and Coach Trade Dress.

43.     The activities of the vendors/tenants of the Ft. Lauderdale Swap Shop, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Coach Products and Coach.

44.     Defendants, jointly and severally, have materially contributed to the above-described infringement of the Coach trademarks by having permitted and continuing to permit

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

the offering for sale and the sale of counterfeit and infringing Coach items on the premises of the Ft. Lauderdale Swap Shop notwithstanding (i) Defendants' knowledge of the offering for sale and the sale of such infringing items, (ii)  Defendants' constructive knowledge of the offering for sale and the sale of such infringing items or, alternatively, (iii) Defendants' willful blindness to the offering for sale and the sale of such infringing items.

45.     The Defendants had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities; however, they continue to act with reckless disregard or willful blindness, effectively condoning its tenants/vendors unlawful activities.

46.     The knowing and deliberate hijacking of Coach's famous marks and sale of Counterfeit Products has caused, and continues to cause, substantial and irreparable harm to Coach's goodwill and reputation.  In addition, the damages caused by Defendants, which continue to accrue, are especially severe because their Counterfeit Coach Products are cheap, inexpensive and inferior in quality to those authentic to Coach.

47.     The harm being caused to Coach is irreparable and Coach does not have an adequate remedy at law. Coach therefore seeks the entry of an injunction preventing the sale of Counterfeit Coach Products at the Ft. Lauderdale Swap Shop.  Coach also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the infringing activities of Coach's Trademarks and Copyrights.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

<u>COUNT I</u>
**(Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114)**

48.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

49.     The Ft. Lauderdale Swap Shop vendors/tenants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

50.     The foregoing acts are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Counterfeit Products are genuine or authorized products of Coach.

51.     The Ft. Lauderdale Swap Shop vendors/tenants and the Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

52.     The Ft. Lauderdale Swap Shop vendors/tenants acts constitute trademark counterfeiting in violation of Coach's rights pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     The Defendants had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities.

54.     Defendants, jointly and severally, are contributorily and vicariously liable for the infringing activities.

55.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

56.    Coach has suffered and will continue to suffer irreparable injury and damages if the Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

## COUNT II
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

57.    Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

58.    The Coach Trade Dress is used in commerce, non-functional, inherently distinctive, and has acquired secondary meaning in the marketplace.

59.    Defendants, without authorization from Coach, have allowed the Ft. Lauderdale Swap Shop vendors/tenants to design, manufacture, advertise, promote, distribute, sell, and/or offer for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dress.

60.    The foregoing acts of the vendors/tenants of the Ft. Lauderdale Swap Shop are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dress with Coach.  Moreover, the vendors/tenants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Counterfeit Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Counterfeit Products.

61.    The Defendants had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities.

62.    Defendants, jointly and severally, are contributorily and vicariously liable for these infringing activities.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

63.     Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dress and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

64.     Defendants' acts constitute trade dress infringement in violation of Coach's rights pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

66.     Coach has suffered and will continue to suffer irreparable injury and damages if Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

67.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

68.     The vendors/tenants of the Ft. Lauderdale Swap Shop's promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Coach Products, together with their use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Counterfeit Coach Products, and is intended, and is likely to cause such parties to believe in error that the Counterfeit Coach Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that the Ft. Lauderdale Swap Shop is in some way affiliated with Coach.

69.     The foregoing acts of the vendors/tenants of the Ft. Lauderdale Swap Shop constitute a false designation of origin, and false and misleading descriptions and representations

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

of fact, all in violation of Coach's rights pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     The Defendants had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities.

71.     Defendants, jointly and severally, are contributorily and vicariously liable for these infringing activities.

72.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

73.     Coach has suffered and will continue to suffer irreparable injury and damages if Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

## COUNT IV
### (Trademark Dilution, 15 U.S.C. § 1125(c))

74.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

75.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

76.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

77.     The vendors/tenants of the Ft. Lauderdale Swap Shop's use of the Counterfeit Products, without authorization from Coach, is diluting by blurring and tarnishing the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

78.     The vendors/tenants of the Ft. Lauderdale Swap Shop have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

79.     The Defendants had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities.

80.     Defendants, jointly and severally, are contributorily and vicariously liable for these infringing activities.

81.     Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

82.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

83.     Coach has suffered and will continue to suffer irreparable injury and damages if the Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

## COUNT V
### (Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

84.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

85.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*).  Amongst others, Coach has valid registered copyrights in the Signature C Designs.

86.     Vendors/Tenants of the Ft. Lauderdale Swap Shop had access to and copied the Signature C Designs and other Coach Design Elements present on authentic Coach products.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

87.     Vendors/Tenants of the Ft. Lauderdale Swap Shop intentionally infringed Coach's copyrights in Signature C Designs and other Design Elements present on Coach products by creating and distributing the Counterfeit Coach Products, which incorporate elements substantially similar to the copyrightable matter present in the Signature C Designs and other Design Elements present on Coach products, without Coach's consent or authorization.

88.     The vendors/tenants of the Ft. Lauderdale Swap Shop have infringed Coach's copyrights in violation of 17 U.S.C. § 101 *et seq.*

89.     The Defendants had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities.

90.     Defendants, jointly and severally, are contributorily and vicariously liable for these infringing activities.

91.     Defendants have acted with knowledge of Coach's ownership of the Coach Design Elements and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

92.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

93.     Coach has suffered and will continue to suffer irreparable injury and damages if Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

## <u>COUNT VI</u>
### (Trademark Dilution, Fla. Stat. § 495.151)

94.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

95.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

96.     Through prominent, long, and continuous use in commerce, including commerce within the State of Florida, the Coach Trademarks have become and continue to be famous and distinctive.

97.     The vendors/tenants of the Ft. Lauderdale Swap Shop's use of the Counterfeit Coach Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation in violation of Florida Statute § 495.151.

98.     As a direct and proximate result of Defendants' ongoing dilution, Coach has suffered and will continue to suffer damages and irreparable injury by reason of Defendants' activities in violation of Fla. Stat. § 495.151.

99.     The Defendants had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities.

100.    Defendants, jointly and severally, are contributorily and vicariously liable for these infringing activities.

101.    Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

BROAD and CASSEL

One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

102.    Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

103.    The Defendants' contributory acts of dilution will cause further irreparable injury to Coach if Defendants are not restrained by this Court from further violation of Coach's rights. Coach has no adequate remedy at law.

<div align="center">

**PRAYER FOR RELIEF**

</div>

**WHEREFORE,** Plaintiffs Coach, Inc. and Coach Services, Inc., respectfully request that this Court enter judgment in their favor and against Defendants, SWAP SHOP, INC., a Florida corporation, SWAP SHOP, LLC, a Florida limited liability company, 3290 SUNRISE INVESTMENTS, INC., a Florida corporation, 3291 SUNRISE INVESTMENTS, INC., a Florida corporation, SWAP-IT, INC., BETTY D. HENN, PRESTON B. HENN, KATHERINE HENN and DAPHNE FITZPATRICK, jointly and severally, on all counts pled herein, as follows:

A.     Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have diluted the Coach Trademarks in violation of Fla. Stat. § 495.151; (iv) Defendants have engaged in trademark infringement and counterfeiting and unfair competition under Florida law; and (v) Defendants have been unjustly enriched and have committed unfair and deceptive acts or practices in violation of Fla. Stat. § 501.201.

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining

<div align="center">

22

BROAD and CASSEL

</div>

and enjoining Defendants, their officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dress, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dress, and/or the Coach Design Elements;

2. engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or

3. engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dress to be diluted.

C. Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Counterfeit Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D. Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted,

supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

   F. Awarding Coach statutory damages of two million ($2,000,000) per counterfeit mark per type of good used in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

   G. Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

   H. Awarding Coach actual and exemplary damages to which it is entitled pursuant to applicable federal and state laws;

   I. Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

   J. Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

   K. Awarding Coach such additional and further relief as the Court deems just and proper.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  March 2, 2012

<div align="center" style="margin-left:40%;">

Respectfully submitted,

 /s/ David B. Rosemberg
David B. Rosemberg, P.L. (582239)
drosemberg@broadandcassel.com
BROAD AND CASSEL
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: 305.373.9400
Facsimile:  305.373.9443
*Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.*

</div>

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400