UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:12-60400-CIV-DIMITROULEAS

COACH, INC., a Maryland corporation,
and COACH SERVICES, INC.,
a Maryland corporation,

       Plaintiffs,

v.

SWAP SHOP INC., a Delaware corporation,
SWAP SHOP MANAGEMENT, L.L.C., a Florida
limited liability company, 3290 SUNRISE INVESTMENTS,
INC., a Florida corporation, 3291 SUNRISE INVESTMENTS,
INC., a Florida corporation,  PRESTON B. HENN,
BETTY D. HENN, KATHERINE HENN,
DAPHNE FITZPATRICK, RAJWANTIE RAMBHARAT
and DOES 1 THROUGH 10,

       Defendants.

_____/

## AMENDED COMPLAINT

Plaintiffs, Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), file this Amended Complaint against Defendants Swap Shop Inc., Swap Shop Management, L.L.C. (hereinafter collectively referred to as the "Swap Shop Management"), 3290 Sunrise Investments, Inc., 3291 Sunrise Investments, Inc. (hereinafter collectively referred to as the "Landlords"), Preston Henn, Betty Henn, Katherine Henn, and Daphne Fitzpatrick (hereinafter collectively referred to as the "Principal Defendants"), Rajwantie Rambharat, and Does 1 through 10 (hereinafter collectively referred to as "Vendor Defendants"), and allege:

BROAD and CASSEL

One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

## NATURE OF ACTION

1.      This is an action for, *inter alia*, vicarious and contributory trademark and copyright infringement under federal law.  As set forth in detail herein, the Swap Shop Management, Landlord and Principal Defendants, individually and/or collectively, own, operate, control and manage a large flea market in Fort Lauderdale, Florida called "Thunderbird Swap Shop" or "Ft. Lauderdale Swap Shop" (hereinafter the "Flea Market").

2.      In an apparent effort to shield themselves from liability for unlawful acts such as those set forth herein, the Principal Defendants have created a complicated, tangled web of corporate entities that own and operate the Flea Market, including subdividing the 88-acre property into multiple parcels owned by different entities.

3.      Defendants' attempt to shield themselves from liability in this manner is a ruse because: a) all of the parcels appear to be owned and/or controlled by the Principal Defendants; b) the Flea Market appears to be collectively managed by the Swap Shop Management Defendants and/or Landlord Defendants; and c) all of the Defendants appear to be alter egos of one another.

4.      As described herein, the Flea Market has been and continues to be a hot-bed for vendors to sell illegal "knock-off" goods, including counterfeit Coach products, the result of which has been to collectively, substantially and continuously harm the rights of intellectual property owners such as Coach who spend millions of dollars combating counterfeiters, driving up the cost of goods and significantly harming the economy.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham and U.S. Copyright Acts.

6.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside and have their principal places of business, and continue to infringe Coach's famous trademarks and copyrights, in this Judicial District.

## PARTIES

7.     Plaintiff, Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

8.     Plaintiff, Coach Services, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Coach Services, Inc. is a wholly-owned subsidiary of Coach, Inc.

9.     Defendant, 3290 Sunrise Investments, Inc. ("3290 Sunrise"), is a Florida corporation organized and existing under the laws of the State of Florida, which, according to the records of the Florida Secretary of State, conducts business under the fictitious names "Thunderbird Swap Shop" and "Ft. Lauderdale Swap Shop."   3290 Sunrise is the owner and lessor of several parcels of real property upon which the Flea Market operates and, along with Defendant 3291 Sunrise Investments, Inc., appears to co-own the Flea Market.

10.     Defendant, 3291 Sunrise Investments, Inc. ("3291 Sunrise"), is a Florida corporation organized and existing under the laws of the State of Florida, and also appears to be the owner and lessor of several parcels of real property upon which the Flea Market operates. 3291 Sunrise and 3290 Sunrise. are referred to collectively herein as the "Landlord Defendants."

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

11.     Defendant, Swap Shop Management, L.L.C., is a limited liability company organized and existing under the laws of the State of Florida.  Swap Shop Management appears to be the lessee and/or co-operator of the Flea Market.

12.     Defendant, Swap Shop Inc. a/k/a Swap Shop, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware and is authorized to conduct, and is conducting business within the State of Florida.  Defendant Swap Shop Inc. appears to be the lessee and/or co-operator of the Flea Market, along with Defendant Swap Shop Management.

13.     Defendants Preston Henn, his wife Betty Henn, their daughter Katherine Henn and Daphne Fitzpatrick (collectively the "Principal Defendants") are all believed to be residents of Broward County, Florida and, individually and/or collectively, are believed to be the principal owners, officers, directors and managers of the Swap Shop Management and Landlord Defendants and, as such, are the moving forces behind the infringing activities described herein.

14.     Defendants, acting in concert with each other, operate out of the same offices, share common officers, directors and/or principal owners, and, in cooperation with and as the alter egos of one another, have induced, caused and/or materially contributed to the promotion and sale of counterfeit Coach products at the Flea Market. With knowledge of these illegal activities, or with willful blindness, Defendants have financially benefitted from them.  As such, Defendants are contributorily and vicariously liable for the infringing activities described below.

15.     Defendant Rajwantie Rambharat is an individual who resides and/or conducts substantial business within this Judicial District.  Rambharat has directly and personally engaged in the sale of counterfeit Coach products at the Flea Market.

16.     Defendants Does 1 through 10 are individuals who reside and/or conduct substantial business within this Judicial District.  Further, Does 1 through 10 have directly and

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

personally engaged in the sale of counterfeit Coach products at the Flea Market.   Upon information and belief, several of these Defendants have fled the jurisdiction. Accordingly, Coach is currently unaware of their identities, but plans to seek leave to amend the Complaint if and when they have been discovered.

## FACTUAL ALLEGATIONS

**A.     The World Famous Coach Brand and Products**

17.     Coach was founded seventy years ago as a family-run workshop in Manhattan, New York.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States, including Florida.

18.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively the "Coach Marks").

19.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales reaching nearly four billion dollars ($4,000,000,000).

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

**B.     The Coach Trademarks**

20.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |

6

BROAD and CASSEL

One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,908,558 | POPPY | 09 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |

BROAD and CASSEL

One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 |  |
| 3,779,466 | COACH OP ART | 6, 9, 14, 16, 18, 25 for *inter alia* key fobs, glasses, jewelry, daily planners, backpacks, billfolds, and belts. | April 20, 2010 | COACH OP ART |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 |  |

9

BROAD and CASSEL

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 | |

21.     Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks.  These registrations are valid and subsisting and the majority are incontestable.[1]

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee corporation and Saramar corporation, were assigned in full to Coach on or about October 2, 2000.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

22.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

23.     The registration of the marks also provides constructive notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

24.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

25.     The Coach Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

26.     As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill.   Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

**D.     The Coach Copyrights**

27.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the U.S. Copyright Laws.   These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*. (hereinafter referred to as the "Coach Design Elements").

28.     Coach also has a variety of valid copyrights registered with the Copyright Office for its Design Elements, including the Signature C Design, with registration number VA-0001228917.

BROAD and CASSEL

One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

29.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

**E.     Defendants' Infringing Conduct**

30.     On December 10, 2010, Coach's investigator canvassed the Flea Market and discovered multiple vendors advertising, displaying, offering for sale, and/or selling in plain view merchandise bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Coach Trademarks and the Coach Design Elements (hereinafter "counterfeit Coach merchandise").   These vendors were located on property owned by Defendant 3291 Sunrise, and managed by Swap Shop Management and by and through the Principal Defendants.

31.     On that same day, following Coach's investigator's survey, the Broward Sheriff's office, together with the Lauderhill Police Department and Fort Lauderdale Police Department, raided the Flea Market, seizing ***hundreds of counterfeit items***, including merchandise bearing Coach's trademarks and copyrights.   The infringing vendors' booths and cargo containers were located on property owned by Defendant 3291 Sunrise, and managed by Swap Shop Management and by and through the Principal Defendants. The raid resulted in the arrest of six Swap Shop vendors, including Shakila Harannine and Palto Harannine.

32.     On January 3, 2011, Coach sent a cease and desist letter to the Landlord and Swap Shop Management Defendants, in order to compel their immediate cooperation in ending its and its vendors/lessees illegal activity.   A true and correct copy of the January 3, 2011 letter is attached hereto as **Exhibit A**.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

33.     On January 13, 2011, Coach provided the Landlord,and Swap Shop Management Defendants with a second letter, a true and correct copy of which is attached hereto as **Exhibit B**, containing a list of all federally registered Coach Trademarks in order to assist them in removing Coach counterfeit merchandise from the Flea Market.

34.     On November 30, 2011, Coach's investigator returned to the Flea Market and again discovered multiple vendors advertising, displaying, offering for sale, and/or selling in plain view counterfeit Coach merchandise.

35.     Specifically, Coach's investigator observed a vendor doing business as MVP Athletics advertising, displaying, offering for sale, and/or selling, in plain view, counterfeit Coach products including cellular phone covers.  MVP Athletics was operating from booth no. WC BB-13 on property owned by Defendant 3290 Sunrise, and managed by Swap Shop Management and by and through the Principal Defendants.

36.     Coach's investigator also observed vendor doing business as Florida Gift Shop International displaying, offering for sale, and/or selling, in plain view, counterfeit Coach products, including cellular phone covers.  Florida Gift Shop was operating from booth no. WC T-16, on property owned by Defendant 3290 Sunrise, and managed by Swap Shop Management and by and through the Principal Defendants.

37.     On December 2, 2011, Coach sent a second cease and desist letter to the Landlord and Swap Shop Management Defendants, a true and correct copy of which is attached hereto as **Exhibit C**, to compel their assistance in ending its and its vendors/lessees infringing activities.

38.     Shortly thereafter, on December 13, 2011, agents from the United States Department of Homeland Security Immigration and Customs Enforcement Division ("ICE"), along with the Broward Sheriff's Office raided the Flea Market, seizing ***more than 3,000***

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

*counterfeit items*, including counterfeit Coach watches and cellular phone covers. The infringing vendors' booths were located on property owned by Defendant 3290 Sunrise, and managed by the Swap Shop Management and by and through the Principal Defendants.

39.     Notably, prior to carrying out the raid, ICE agents visited the Flea Market's management office to advise the Landlord, Swap Shop Management and Principal Defendants of their investigation and their plan to seize counterfeit merchandise from the Flea Market's vendors.  The agents specifically asked to meet with owner Preston Henn, however, they were told that Mr. Henn was unavailable because he was taking a nap in his office.

40.     On December 29, 2011, ICE, along with the Broward Sheriff's Office conducted a second investigation at the Flea Market.  During their investigation, ICE agents purchased counterfeit merchandise, including counterfeit Coach hats, wallets and handbags, from vendors located on  property owned by Defendant 3290 Sunrise, and managed by Swap Shop Management and by and through the Principal Defendants.

41.     Less than two weeks later, on January 11, 2012, ICE, along with the Broward Sheriff's Office returned to the Flea Market.  This time, however, they purchased counterfeit merchandise, including counterfeit Coach items from vendors located on property owned by Defendant 3291 Sunrise, and managed by the Swap Shop Management and by and through the Principal Defendants.

42.     On January 24, 2012, ICE, along with the Broward Sheriff's Office raided the Flea Market a second time, seizing *hundreds of counterfeit merchandise*, including counterfeit Coach items from vendors located on property owned by Defendant 3291 Sunrise, and managed by Swap Shop Management and by and through the Principal Defendants.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

43.     Notably, the raid resulted in the arrest of numerous vendors, including "repeat offendors" Shakila Harannine and Palto Harannine. The Harannines were operating their illegal business from the same booth and location where they had been arrested during the December, 2010 raid.

44.     On March 16, 2012, the Lauderhill Police Department returned to the Flea Market and again seized counterfeit merchandise, including counterfeit Coach handbags and wallets.  In this instance, the merchandise was seized from vendor Rajwantie Rambharat, whose booth was located on property owned by Defendant 3291 Sunrise, and managed by Swap Shop Management and by and through the Principal Defendants.

45.     The forgoing acts of the Vendor Defendants constitutes direct trademark infringement in violation of federal law.

46.     The foregoing acts of the Vendor Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Coach products offered for sale and sold at the Flea Market are genuine or authorized products of Coach.

47.     The Vendor Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Coach products and Coach.

48.     Defendants are well aware of the extraordinary fame and strength of the Coach brand, the Coach Trademarks and the Coach Design Elements, and the incalculable goodwill associated therewith.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

49.     By facilitating counterfeiting activities at the Flea Market, as described herein, Swap Shop Management, Landlord and Principal Defendants have acted with reckless disregard for, and in bad faith and with willful blindness toward, Coach's trademark rights and copyrights.

50.     Defendants have, either intentionally and deliberately, or with reckless disregard and willful blindness, unfairly benefitted from the illegal counterfeiting activities described herein.

51.     The Swap Shop Management, Landlord Defendants and Principal Defendants' deliberate and or reckless and/or willfully blind misconduct has caused, and continues to cause, substantial and irreparable harm to Coach's goodwill and reputation.  In addition, the damages caused by Defendants, which continue to accrue, are especially severe because the counterfeit Coach products sold at the Flea Market are cheap, inexpensive and grossly inferior in quality to those authentic to Coach.

52.     The harm being caused to Coach is irreparable and Coach does not have an adequate remedy at law. Coach therefore seeks the entry of an injunction preventing the sale of counterfeit Coach products at the Flea Market.  Coach also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Coach's trademarks and copyrights.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

<u>**COUNT I**</u>
**Direct Trademark Infringement**
**Vendor Defendants**
**(15 U.S.C. § 1114)**

53.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

54.     The Vendor Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

55.     The foregoing acts of the Vendor Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Coach products offered for sale and sold at the Flea Market are genuine or authorized products of Coach.

56.     The Vendor Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Coach products and Coach.

57.     The Vendor Defendants have infringed Coach's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

<u>**COUNT II**</u>
**Contributory Trademark Infringement**
**Swap Shop Management, Landlord and Principal Defendants**
**(15 U.S.C. § 1114)**

58.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

59.     Swap Shop Management, Landlord and Principal Defendants supplied the means for its vendors to engage in the illegal  activity described herein, and, with knowledge of such

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

activities, deliberately or recklessly willfully blinded themselves to this criminal conduct, deciding instead to profit from the revenues it produced.

60.     Swap Shop Management, Landlord and Principal Defendants have infringed Coach's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III
### Vicarious Trademark Infringement
### Swap Shop Management, Landlord and Principal Defendants
### (15 U.S.C. § 1114)

61.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

62.     Swap Shop Management, Landlord and Principal Defendants had and continue to have the right and ability to supervise the infringing activities of its vendors.

63.     Swap Shop Management, Landlord and Principal Defendants also have a direct financial interest in such activities because they receive rents from their vendors, including those selling fake Coach products, along with parking and concession fees, which are fueled in large part by the draw created by the widespread availability of fake Coach products at the Flea Market.

64.     Swap Shop Management, Landlord and Principal Defendants, jointly and severally, are vicariously liable for the infringing activities.

## COUNT IV
### Vendor Defendants
### (Trademark Dilution, 15 U.S.C. § 1125(c))

65.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

66.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

18

67.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68.     The Vendor Defendants sold counterfeit Coach products that diluted by blurring and tarnishment the distinctive quality of the Coach Trademarks and decreased their capacity to identify and distinguish authentic Coach products.

69.     Accordingly, the Vendor Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

### COUNT V
### Contributory Trademark Dilution
### Swap Shop Management, Landlord and Principal Defendants
### (15 U.S.C. § 1125(c))

70.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

71.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

72.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

73.     Swap Shop Management, Landlord and Principal Defendants' vendors sold counterfeit Coach products that diluted by blurring and tarnishment the distinctive quality of the Coach Trademarks and decreased their capacity to identify and distinguish authentic Coach products.

74.     Swap Shop Management, Landlord and Principal Defendants' supplied the means for its vendors to engage in the illegal activity described herein, and, with knowledge of such activities, deliberately or recklessly willfully blinded themselves to this criminal conduct, deciding instead to profit from the revenues it produced.

75.     Accordingly, Swap Shop Management, Landlord and Principal Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**COUNT VI**
**Direct Copyright Infringement**
**Vendor Defendants**
**(17 U.S.C. § 101 *et seq.*)**

76.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

77.     The Vendor Defendants intentionally infringed Coach's copyrights in Signature C Designs, Op Art and Heritage Logo designs and other Design Elements present on Coach products by selling and distributing at the Flea Market counterfeit Coach products that are substantially similar to those copyrighted designs.

78.     As a result, the Vendor Defendants are liable under 17 U.S.C. § 101 *et seq.*

**COUNT VII**
**Contributory Copyright Infringement**
**Swap Shop Management, Landlord and Principal Defendants**
**(17 U.S.C. § 101 *et seq.*)**

79.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

80.     Swap Shop Management, Landlord and Principal Defendants' vendors intentionally infringed Coach's copyrights in Signature C Designs and other Design Elements present on Coach products by selling and distributing at the Flea Market counterfeit Coach products that are substantially similar to those copyrighted designs.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

81.     Swap Shop Management, Landlord and Principal Defendants supplied the means for its vendors to engage in the illegal activity described herein, and, with knowledge of such activities, deliberately or recklessly willfully blinded themselves to this criminal conduct, deciding instead to profit from the revenues it produced.

82.     As a result, Swap Shop Management, Landlord and Principal Defendants are liable under 17 U.S.C. § 101 *et. seq.*

**COUNT VIII**
**Vicarious Copyright Infringement**
**Swap Shop Management, Landlord and Principal Defendants**
**(17 U.S.C. § 101 *et seq.*)**

83.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

84.     The Vendor Defendants intentionally infringed Coach's copyrights in Signature C Designs and other Design Elements present on Coach products by selling and distributing at the Flea Market counterfeit Coach products that are substantially similar to those copyrighted designs.

85.     Swap Shop Management, Landlord and Principal Defendants had and continue to have the right and ability to supervise the infringing activities of its vendors.

86.     Swap Shop Management, Landlord and Principal Defendants also have a direct financial interest in such activities because they receive rents from their vendors, including those selling fake Coach products, along with parking and concession fees, which are fueled in large part by the draw created by the widespread availability of fake Coach products at the Flea Market.

87.     Swap Shop Management, Landlord and Principal Defendants, jointly and severally, are vicariously liable for the infringing activities.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

<u>COUNT IX</u>
**Deceptive and Unfair Trade Practices**
**(Fla. Stat. § 501.201)**

88.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

89.     Defendants' actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants are affiliated, connected or associated with Coach and that Swap Shop Management, Landlord and Principal Defendants, and their Vendor Defendants' goods originate with and/or are sponsored or approved by Coach.

90.     As such, Defendants have intentionally engaged and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.201.

91.     As a direct and proximate result of Defendants' unfair, unconscionable and deceptive acts or practices, Coach has suffered and will continue to suffer damages and irreparable injury.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiffs Coach, Inc. and Coach Services, Inc., respectfully request that this Court enter judgment in their favor and against Defendants Swap Shop Inc., Swap Shop Management, L.L.C., 3290 Sunrise Investments, Inc., 3291 Sunrise Investments, Inc., Preston Henn, Betty Henn, Katherine Henn, Daphne Fitzpatrick, Rajwante Rambharat, and Does 1 through 10, jointly and severally, on all counts pled herein, as follows:

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

A.     Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated the Copyright Act of 1976 (17 U.S.C. § 501); and (iii) Defendants have committed unfair and deceptive acts or practices in violation of Fla. Stat. § 501.201.

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dress, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dress, and/or the Coach Design Elements;

2.     engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or

3.     engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dress to be diluted.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Counterfeit Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach statutory damages of two million ($2,000,000) per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach statutory damages as a result of the copyright infringement, and any profits of Defendants, pursuant to 17 U.S.C. § 504;

H.      Awarding Coach actual and exemplary damages to which it is entitled pursuant to applicable federal and state laws;

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

I. Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

J. Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

K. Awarding Coach such additional and further relief as the Court deems just and proper.

<strong><u>DEMAND FOR JURY TRIAL</u></strong>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Respectfully submitted,

David B. Rosenberg, P.L. (0582239)
drosemberg@broadandcassel.com
Matthew S. Nelles, Esq. (0009245)
mnelles@broadandcassel.com
BROAD AND CASSEL
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.373.9400
Facsimile:  305.373.9443
*Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May, 2012, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF system which will provide electronic notice of such filing to: **Steve H. Osber, Esq.,** Kelley, Kronenberg, Gilmartin, Fichtel, Wander, Bamdas, Eskalyo & Dunbrack, P.A., 8201 Peters Road, Suite 4000, Fort Lauderdale, Florida 33324.

David B. Rosemberg, P.L. (0582239)

BROAD and CASSEL

One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida 33131-1811   305.373.9400