UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60400-CIV-DIMITROULEAS/Snow

COACH, INC. and
COACH SERVICES, INC.,

      Plaintiffs,

v.

SWAP SHOP, INC. *et al.*,,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Plaintiffs' Motion to Compel Deposition Dates, Production of Documents from Non-Parties 3290 Sunrise Investments, Inc. and 3291 Sunrise Investments, Inc. and for Attorneys' Fees and Costs (DE 104), Plaintiffs' Motion to Compel Production of Documents and for Sanctions (DE 102), and Plaintiffs' Motion to Compel Documents Responsive to First Request for Production (DE 112) which were referred to Lurana S. Snow, United States Magistrate Judge. The motions are all fully briefed and a hearing was held before the undersigned on June 5, 2013. This Order memorializes the Court's ruling from the bench.

      The Plaintiffs' ("Coach") Second Amended Complaint alleges contributory trademark and vicarious copyright infringement under federal law. According to Coach, the Defendants, individually and/or collectively, own, operate, control and manage a large flea market in Fort Lauderdale, Florida known as the Swap Shop. This action arises out of Coach's claims that Swap Shop vendors sell counterfeit Coach products. The instant motions concern Coach's efforts to set depositions and obtain discoverable documents from the Defendants.

**A. Motion to Compel** (DE 104)

Prior to the hearing, the parties reached an agreement concerning deposition dates. The Depositions shall take place as noticed. Accordingly, the corporate defendants and non-parties shall be deposed on June 11 and 12, 2013. Defendant, Preston Henn will serve as the Swap Shop Defendants' corporate representative, and will also be deposed in his individual capacity at that time. The depositions of Betty Henn and Katherine Henn shall take place on June 13, 2013. Daphne Fitzpatrick shall be deposed on June 14, 2013.

According to the Defendants, the only documents that non-parties, 3290 Sunrise and 3291 Sunrise have that would be responsive to the duces tecum request are their tax returns and corporate documents. Because the subpoena does not require the non-parties to produce tax returns, they need not do so. To the extent that any leases exist among the corporate records maintained by the non-parties which are between the non-parties and any of the Defendants, these shall be produced.

**B. Motions to Compel** (DE 102 and 112)

According to Coach, the Defendants agreed to produce categories of documents which had not yet been provided when DE 102 was filed. Prior to the hearing, the Defendants produced six drawers full of documents responsive to some of the document requests. However, Coach's copy service was not able to complete copying the documents within the constraints dictated by the Defendants. Therefore, the Defendants shall either deliver the remaining drawers of documents to Coach's copy service, Ricoh, for copying, or permit Coach to copy the documents unimpeded on the Swap Shop premises. In either case, the copying shall be completed prior to the first scheduled deposition on June 11, 2013.

The remaining documents which the Defendants agreed to produce shall be provided within ten days of the date of this Order. These are documents responsive to Requests 8, 9, 10, 11, 12, 19, 28, 33, 34, 35, 40, 41, and 42. The failure to do so may result in the imposition of sanctions.

At the hearing, Coach reported that the Defendants have not produced any Electronically Stored Information (ESI).  In response to the Court's inquiry, Mr. Henn represented that he does not believe the Swap Shop keeps electronic records.  The Defendants or their counsel shall forthwith determine whether ESI exists that would be responsive to any of the discovery requests the Defendants have either agreed to produce, or have been ordered to produce.  If so, any such ESI shall be produced to Coach within 10 days.  If not, the Defendants shall so state, and be bound by the representation.

The Defendants objected to producing attendance records in Response to Request 16 to the corporate defendants.  At the hearing, Defendants asserted that no such records are kept, and they therefore do not exist.  The Defendants shall amend their response to Request 16 to state definitively that they do not keep attendance records and therefore cannot produce them.

With the exception of Requests 13 and 14, which seek all document*s* reflecting compensation paid by the corporate defendants to any co-defendants or to any third parties, and Requests 1, 2, 3, 13, and 22 which seek tax returns and related documents from all of the Defendants, the remaining issues concerning objections made by the Defendants have been resolved.

The Court finds that documents responsive to Requests 13 and 14 directed to the corporate defendants are reasonably calculated to lead to the discovery of admissible evidence related to the calculation of the Plaintiffs' damages, and the Defendants shall produce them.

Finally, the Court will address the Defendants' objection to producing their tax returns.  The Court first dispenses with the Defendants' argument that Coach must show a compelling need for the tax returns in order for them to be discoverable.  Although there is a split of authority on the issue, and some courts in this district have imposed such a requirement, the Eleventh Circuit does not require a heightened standard for discovery of tax returns. <u>Maddow v. Proctor & Gamble Co., Inc.</u>, 107 F.3d 846, 853 (11th Cir. 1997) (upholding district court's decision to compel tax returns based upon their arguable relevance.)  Therefore, this Court need only

determine whether production of the Defendants' tax returns is likely to lead to the discovery of admissible evidence in this case. Fed. R.Civ.P. 26(b)(1).

The Defendants rely on the case of Coach v. Hubert Keller, Inc., 2012 WL 6714388 (S.D. Ga. Dec. 19, 2012) in support of their argument that the tax returns and related documents are not discoverable. As in this case, Coach sued Hubert Keller for contributory infringement related to the sale of counterfeit products at the defendant's flea market. Id. at *1. Unlike this case however, Coach did not elect to pursue statutory damages (i.e. damages based upon the defendant's profits) and the court found that the defendant's tax returns could not assist it in proving actual damages from a contributory infringer.[1] Id. at *5. The court went on to state that Coach was free to invoke the option of seeking statutory damages, but unless it did, it was not entitled to the tax returns. Id.

The Court finds that the tax returns and related documents are reasonably calculated to lead to the discovery of admissible evidence, in particular to the measure of potential damages in this case. The Court notes that the parties have previously entered into a confidentiality agreement that would govern their disclosure. Although the Defendants argue that damages discovery is premature, discovery generally proceeds simultaneously on the issues of liability and damages in federal court. Therefore, the Court will not sustain an objection on that basis.

Being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Plaintiffs' Motion to Compel Deposition Discovery Dates, Production of Documents from Non-Parties 3290 Sunrise Investments, Inc. and 3291 Sunrise Investments, Inc. and for Attorneys' Fees and Costs (DE 104) is GRANTED IN PART as more fully set forth in this Order.

2. The Plaintiffs' Motion to Compel Production of Documents and for Sanctions (DE 102) is GRANTED IN PART as more fully set forth in this Order, and

---

[1] The Hubert Keller court apparently employed a heightened standard with respect to its decision, something this Court declines to do. 2012 WL 6714388 at *3 n.6.

3. The Plaintiffs' Motion to Compel Documents Responsive to First Request for Production (DE 112) is GRANTED IN PART as more fully set forth in this Order.

DONE AND ORDERED at Fort Lauderdale, Florida, this 6th day of June, 2013.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record  and Pro Se Parties