UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60400-CIV-DIMITROULEAS

Magistrate Judge Snow

COACH, INC., a Maryland corporation
and COACH SERVICES, INC., a Maryland
corporation,

       Plaintiffs,

vs.

SWAP SHOP, INC., a Delaware corporation,
SWAP SHOP MANAGEMENT, L.L.C., a
Florida Limited liability company, PRESTON
B. HENN, BETTY D. HENN, KATHERINE
HENN, and DAPHNE FITZPATRICK,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS' APPEAL
FROM THE MAGISTRATE JUDGE'S ORDER [DE 135]**

THIS CAUSE is before the Court upon Defendants Swap Shop, Inc., Swap Shop Management, L.L.C., Preston B. Henn, Betty D. Henn (collectively, "Defendants')'s Objection to and Appeal from the Magistrate Judge's Order of June 6, 2013 Compelling Production of the Defendants' Tax Returns [DE 148] ("Appeal"), filed herein on June 19, 2013.  The Court has carefully considered the Appeal, Plaintiffs Coach, Inc. and Coach Services, Inc. (together "Coach")'s Response [DE 155], Defendants' Reply [DE 167], Magistrate Judge Snow's Order [DE 135], the applicable law, and is otherwise fully advised in the premises.

**I.**    **Standard of Review**

Defendants bring this appeal pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72 and Local Magistrate Rule 4.  A magistrate judge is permitted to hear and

determine any non-dispositive pretrial matter pending before the court, including discovery matters, and the decision of the magistrate judge is a final decision. 28 U.S.C. § 636(b)(1)(A) (2004). If a party objects to the magistrate judge's order, a district court may set aside or modify the order only if the district court finds that the magistrate's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(A). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *See Pendlebury v. Starbucks Coffee Co.*, 2007 WL 4592267, *1 (S.D. Fla. Dec. 28, 2007) (citing *Georgia State Conference of Branches of NAACP v. Georgia,* 775 F.2d 1403, 1416 (11th Cir. 1985)).

A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 285 n. 14 (1982); *see also Johnson v. Hamrick*, 296 F. 3d 1065, 1074 (11th Cir. 2002). A decision "is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz v. Geico Gen. Ins. Co.*, 2010 WL 384745, *2 (S.D. Fla. Jan. 27, 2010).

**II.   Analysis**

This Appeal relates to Magistrate Judge Snow's non-dispositive Order [DE 135] (hereinafter referred to as "Judge Snow's Order"), granting Plaintiffs' motion to compel. In her Order, Magistrate Judge Snow correctly concluded that

> Although there is a split of authority on the issue, and some courts in this district have imposed such a requirement, the Eleventh Circuit does not require a heightened standard for discovery of tax returns. *Maddow v. Proctor & Gamble Co.,Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (upholding district court's decision to compel tax returns based upon their arguable relevance.) Therefore, this Court need only determine whether production of the Defendants' tax returns is likely to

lead to the discovery of admissible evidence in this case. Fed.R.Civ.P. 26(b)(1). [DE 135] at pp. 3-4.

Judge Snow pointed out that the Plaintiffs have adequately proven that the production of Defendants' tax returns are arguably relevant to lead to the discovery of admissible evidence pursuant to Fed. R.Civ.P. 26(b)(1); [DE 135] at pp. 4-5. Magistrate Judge Snow determined that the tax returns and related documents were reasonably calculated to lead to the discovery of admissible evidence, in particular to the measure of potential damages in this case. [DE 135] at p. 4. Additionally, the parties previously entered into a confidentiality agreement that would govern their disclosure. [DE 135] at p. 4.  As such, Magistrate Judge Snow granted the motion to compel documents responsive to first request for production [DE 112] and ordered Defendants to produce their tax returns as outlined in her order. Defendants allege two purported errors by Magistrate Judge Snow in support of their Appeal.  First, they argue that the Eleventh Circuit requires a heightened burden for discovery of tax returns.  Second, they argue that their tax returns are not relevant discovery.  For the reasons set forth below, the Court disagrees with Defendants and affirms Judge Snow's Order.

### A. The Eleventh Circuit Does Not Require A Heightened Burden For Discovery Of Tax Returns.

Defendants argue that Judge Snow incorrectly concluded that the Eleventh Circuit does not require a heightened burden for discovery of tax returns.  Defendants rely on *Maddow v. Proctor & Gamble Co.,Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).  Defendants' argument is misplaced.  First, the discovery issue in *Maddow* dealt with whether sanctions were an abuse of discretion and nowhere holds that the production of tax returns requires a "compelling need." *See Maddow*, 107 F.3d at 853. The *Maddow* court held that sanctions were inappropriate because "the plaintiffs were substantially justified in initially refusing discovery" where there was no

Eleventh Circuit caselaw on the tax form issue. *See id.* at 853.  Moreover, the Eleventh Circuit held that "[t]he Court's decision to compel discovery was not an abuse of discretion: both items of information are *arguably relevant* to the case.") (emphasis added).

Second, in *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 2008 WL 4500258 (S.D. Fla. Oct. 3, 2008), the district court affirmed the decision of the magistrate judge to compel tax returns during discovery under an "arguably relevant" standard and not a "compelling need" standard:

> [S]everal courts within the Eleventh Circuit have held that a moving party *does not* have to demonstrate a "compelling need" to compel the production of tax returns; rather, only a showing of relevancy is required. See, e.g., *U.S. v. Certain Real Property Known As and Located at 6469 Polo Pointe Way, Delray Beach, FL*, 444 F.Supp.2d 1258 (S.D.Fla.2006), *Platypus Wear, Inc. v. Clarke Motet & Co.*, No. 06–20976–CIV, 2008 WL 728540 (S.D.Fla.2008), *Weber v. Finker*, No. 3:07–mc–27–J–32MCR, 2008 WL 1771822 (M.D.Fla. Apr.15, 2009). In so finding, these courts have relied upon the Eleventh Circuit's decision in *Maddow v. Procter & Gamble Co.*, 107 F.3d 846 (11th Cir.1997). The Eleventh Circuit in *Maddow* affirmed a district court's decision to compel production of tax returns because the information was "arguably relevant" to the case. 107 F.3d at 853. Judge Simonton's application of the "relevancy" standard, rather than the "compelling need" standard, was not clearly erroneous.

*Id.* at *4 (emphasis in original).  Similarly, the Court holds that Judge Snow's application of the "arguably relevant" standard, rather than the "compelling need" standard, was not clearly erroneous or contrary to law.

### B. Defendants' Tax Returns And Related Documents Are Reasonably Calculated To Lead To The Discovery Of Admissible Evidence, In Particular To The Measure Of Potential Damages In This Case.

The Supreme Court broadly construes the term "relevancy" under Rule 26 to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any

issue that is or may be in the case" *See Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351 (1978). A trial court has wide discretion in determining the scope and effect of discovery. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir. 1985).

> In determining the measure of statutory damages to be awarded, courts consider the following factors: expenses saved and profits gained by the defendants in connection with the infringements; revenues lost by plaintiffs as a result of defendants' conduct; and the infringer's state of mind, that is, whether willful, knowing, or merely innocent.

*Walt Disney Co. v. Video 47, Inc.,* 972 F. Supp. 595, 603 (S.D. Fla. 1996) (citing *Morley Music Co. v. Cafe Continental, Inc.,* 777 F.Supp. 1579 (S.D.Fla.1991). The determination of statutory damages lies within the discretion of the trial court. *See Quackenbush Music, Ltd. v. Alana, Inc.,* 1992 WL 439746, *2 (D. Mass. Nov. 2, 1992).

"Defendant's corporate federal income tax returns are relevant to the issue of statutory damages under section 504(c)(1) in a copyright infringement action." *Id.*; *see Nintendo of Am., Inc. v. Ketchum*, 830 F.Supp. 1443, 1445 (M.D. Fla. 1993) ("[T]he Court may consider several factors including the expenses saved and profits reaped by infringer, revenues lost by copyright holder as a result of infringement, and infringer's state of mind, whether willful, knowing, or innocent.").

Defendants' tax returns may also provide specific information relevant to prove that Defendants benefitted financially from their vendors' counterfeiting activities because the tax returns and related documents may show, among other things, the corporate Defendants' receipt of their vendors' rental income, and the individual Defendants' personal profits derived from their continued operation of a flea market that allows vendors to sell counterfeit products.[1] A

---

[1] Additionally, Plaintiffs argue that each of the Defendants, as the owners of the Swap Shop, are the alter egos of one another, and collectively have induced and materially contributed to the promotion and sale of counterfeit Coach merchandise at the Swap Shop. The tax forms are relevant to Plaintiffs' alter ego allegations.

party infringes vicariously by "profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005).  Receipt of a direct financial benefit is an element required for a claim of vicarious copyright infringement. *See Pegasus Imaging Corp. v. Northrop Gruman Corp.*, 2008 WL 5099691, *2 (M.D. Fla. Nov. 25, 2008).

The Court agrees with Magistrate Judge Snow's finding that Defendants' tax returns and related documents are likely to lead to the discovery of admissible evidence in this case. Fed.R. Civ. P. 26(b)(1). Furthermore, Defendants reliance on *Coach v. Hubert Keller, Inc.*, 2012 WL 6714388 (S.D. Ga. Dec. 19, 2012) is misplaced because, as Judge Snow notes, in *Coach*, plaintiff did not elect to pursue statutory damages (i.e. damages based upon the defendant's profits) and the court found that the defendant's tax returns could not assist plaintiff in proving actual damages from a contributory infringer. Here, Plaintiffs seek statutory damages.  The individual and corporate Defendants could be held liable for vicarious infringement as long as they have the ability to supervise infringing activity and have a direct financial interest in that activity. *See Walt Disney Co.*, 972 F. Supp. at 603.  Accordingly, Defendants' tax returns and related documents are arguably relevant to Plaintiffs' vicarious copyright infringement and alter ego theories and should be produced.

### III.  Conclusion

The findings and conclusions in Magistrate Judge Snow's Order [DE 135] are not clearly erroneous or contrary to law.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

   1.   Defendants' Objection to and Appeal from the Magistrate Judge's Order of June

---

Defendants' tax returns are also arguably relevant because they may identify compensation paid by the Corporate Defendants to the Individual Defendants, and the Individual Defendants' receipt of any monies from the Corporate Defendants, demonstrating that the Defendants' financial benefit from the operation and management of the Swap Shop and its illegal counterfeiting activities.

      6, 2013 Compelling Production of the Defendants' Tax Returns [DE 148] is hereby **DENIED**;

2.     Magistrate Judge Snow's Order of June 6, 2013 [DE 135] is hereby **AFFIRMED**;

3.     Defendants' Motion to Stay [DE 197] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of August, 2013.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record
Magistrate Snow